Okay, we call the next case Randy Williams, trustee of West Hills v. Home Depot, and we'll hear first from Mr. Mayor. Is it my honor, Mayor? I'm sorry. May it please this honorable court, my name is Joe Byron, together with my partner Nathan Stedman, we represent Randy Williams, the Bankruptcies Trustee at West Hill Park Joint Venture. As the court is aware, this is an indemnity case out of the state of Texas. It was litigated before the Honorable Judge Rosenthal, who is well known and well respected. It is our contention that Judge Rosenthal made a number of errors, both factually and legally, that led to her conclusion that indemnity was not allowed in this particular case. I intend to address two issues primarily. Why collateral estoppel, alternative holdings, and the Charbire exception do not apply to stop West Hill from having indemnity from Home Depot. And that involves the first action. The second issue I intend to address is why collateral estoppel does not apply regarding the negligence finding in the second action and does not preclude West Hill from seeking indemnity. My partner Nathan Stedman will address why the evidence is insufficient to support the district court's strict liability judgment and that the Ethel case and HLMP case do not apply to our set of facts. Moving to my first issue, it is our point that the negligent judgment in the first action does not collaterally estopp West Hill's indemnity claim. In order for collateral estoppel to apply to this particular claim, three elements must be present. West Hill must have been a party in the underlying case. Of course, we were. Secondly, the issue of negligence must have been fully and fairly litigated in the second action. It's the second element. And the third element is that the negligence finding must have been essential. It is our contention the second and third element do not apply in these circumstances. And the reason is in regard to the negligent action, none of the negligent activity or conduct of West Hill found in the first case bears any relationship to the strict liability judgment that was rendered in the first case. The strict liability judgment stood on its own. Those damages occurred irrespective of West Hill's negligence. The loss of lateral support activity on land occurred irrespective of West Hill's negligence. And, therefore, there wasn't a full and fair litigation of that particular issue that should result in collateral estoppel because there's no relationship between the conduct, the negligent conduct, and the strict liability judgment. Didn't West Hill put evidence on those intending to try to negate any finding of negligence? Yes, sir. Why wasn't it actively litigated then? Why wasn't it actively litigated if both sides put on evidence about whether West Hill was negligent? Why isn't that active litigation? Yes, sir. And to answer your question, let me phrase it in the context of the full and fair litigation and the essential issue of essentiality element of collateral estoppel. The reason it wasn't fully and fairly litigated is because the judgment finding in the underlying case must bear an essential relationship to the strict liability finding in the underlying case in order for collateral estoppel to apply. If the strict liability activity and damages would have occurred irrespective of the negligence, then the negligence judgment is not essential. And the issue of the negligence wasn't fully and fairly litigated because there is no nexus between the negligent conduct and the strict liability judgment. There must be a nexus. So, yes, in one hand you can say it was fully and fairly litigated because they disputed the issue. That would have been in the context of the negligent judgment. But in the context of looking at the strict liability judgment, there is no nexus, which is required. Let me ask you a more fundamental question even before you get to issue preclusion. You filed this federal lawsuit seeking indemnification for a state court judgment against West Hills. The indemnity agreement between the parties says Home Depot is not on the hook for West Hills Park's own negligence. Why isn't that just the end of the matter? I mean, the indemnity obligation is one found against West Hills. All right. To answer that directly, the reason it's not the end of it is because you don't look at the judgment of strict liability against West Hills in the first action. According to indemnity law in the state of Texas, you are not to look at the judgment. The duty is to indemnify is not based on third-party allegations but upon the actual facts that underlie the cause of action. I understand that when it's allegations and you're looking at the duty to defend. This is a full trial in state court with a verdict, a judgment, against West Hills. And under the express negligence doctrine, Home Depot is not on the hook for any tortious conduct of West Hills. Yes, sir. Under indemnity law, though, you're not to stop the analysis and look and say, okay, there's a judgment of strict liability, end of the question, and you must be seeking indemnity for your own activity. Under indemnity law in the state of Texas, you look at the record as a whole and not just the judgment. And the basis for that is the Ethel decision. The Texas Supreme Court in the Ethel case, which is where our express negligence doctrine came from, specifically looked at the derivative liability issue. They didn't just look at judgment and say you have a judgment against you and we're going to apply the express negligence doctrine. Instead, they looked at the record as a whole. And when they looked in it, they wouldn't have had to look at the record as a whole if they would have focused only on the judgment. That's not the status of the law in the state of Texas. You look at the record as a whole. And, of course, our brief is once you look behind the judgment, which, by the way, Judge Rosenthal did. And, of course, we contend that even though she did, she made errors in her findings, and we intended to address that through our argument. She had to look at the contract of indemnity first. You don't look at that and see if a party says I can get indemnity even if I'm at fault or even if I'm charged. Yes, sir. You look at the underlying facts in the context of what the indemnity language is. So you are correct. You first look at the indemnity language. Here the West Hills didn't have an express provision that allowed them to recover if they were tortious. It went the other way. It said that you can't recover if you have tortiously caused the damage. Doesn't it? The indemnity language essentially follows what the express negligence doctrine says, and it says that we don't recover indemnity if we're seeking indemnity for our own conduct. Now, the defense has couched the argument in that you look at the judgment of strict liability. That's the end of the question. You move on and you find that since you were found liable for strict liability, that we imply whether you want to say the express negligence doctrine or you apply the indemnity language in question, the answer is given to you from that. That's not what indemnity law in the state of Texas says. You don't do that. You don't. There's cases, fiscal electorate from the Supreme Court, where they did say, look, the party settled a case, and there's no express negligence provision, so end of inquiry. We don't let the settling party say, oh, it wasn't really our conduct, though. It was the other party's conduct. Why isn't that applicable here? I'm not sure I follow your question exactly, but I think . . . Well, it would be if West Hills had just settled the state case against it. If it had settled . . . Fiscal electorate, the Texas Supreme Court says you can't then go bring an indemnity action saying it wasn't your liability, it was the liability of, in this case, Home Depot, which is what you're trying to say basically. In both circumstances, the standard is to review the case as a whole. In the predecessor to Ethel, which is a Barnes case from the Fifth Circuit, that's what the Fifth Circuit did. In the Ethel case, that's what the Texas Supreme Court did. In our case, that is what Judge Rosenwald did. They didn't leave the argument at judgment entered, end of question. Instead, you have to look at the record as a whole, and our contention, of course, is the record as a whole demonstrates that West Hill is the innocent party for loss of lateral support, strict liability. Home Depot's agents and subcontractors caused it. And by the way, in order . . . the public policy reason for all of these laws applying is to prevent an injustice to the innocent party that's being obligated to indemnify without fair notice. And we don't have that situation here. Home Depot stipulated they did the excavation. Both in the underlying case and Judge Rosenthal found that that excavation was the cause of the loss of lateral support. There is no activity. Of course, we tend to argue that she was incorrect about her omissions findings, that those can't be activity on law. But that aside, there's no evidence that any activity or conduct by West Hill Park Joint Venture was activity on land that led to loss of lateral support, which is . . . and giving notice to the landowner about the effect of what was going to happen on this land being developed on that apartment house. So how do we know the jury didn't base its verdict on that? The jury absolutely could not have. Those two omissions that you're speaking of, Your Honor, involved notice and involved a study. And she found that those omissions can constitute activity on land that leads to loss of lateral support. And it's our position as a matter of law and a matter of fact and respectfully common sense that the special issue on loss of lateral support for strict liability requires that there be activity on land. What about the clearing activity that was done? She found that that was of no consequence. It specifically stated in her opinion that she didn't find that that was a contributing cause. So if the omissions, as a matter of fact, cannot be and they should not be activity on land, then there is an insufficiency of evidence to support her conclusion that the strict liability finding in the underlying case must have been based on our conduct. She also addressed the BA . . . or she, excuse me, did not address the BA mortgage argument. My partner, Nathan Stedman, will address that. But it's in the context of your questioning. To move quickly, I want to advise the court that on the strict liability judgment in the first action, you look at the record as a whole. Excuse me. On the alternative holdings argument, in order for . . . She contends these were not alternative holdings, the district judge does. These were alternative holdings, and you can't have a preclusive effect if they are alternative holdings, other than the way the case was tried, meaning negligence was different than strict liability, the elements, the causation, et cetera. What about Judge Rosenthal's explanation that they weren't alternative because the jury must have found negligent conduct in order to award damages for the improvements? Your Honor, I'm out of time. May I respond? Yeah, sure. What I think she found was that in regard to the damage question, she said that damages to improvements cannot be recovered for strict liability because Simon v. Nance says that. My first response is Simon and Nance doesn't say that improvements are not recovered. My second response is under BA mortgage, there was an equitable exception that came into play, and that equitable exception says that the court has discretion to determine what the damage model should be in order to make the plaintiff whole. The district judge in the state court action was entitled to discretion to consider those improvement damages as part of the damage model in the strict liability case, and under the full faith and credit analysis, that decision should not be set aside. Was the jury charged on that issue? The jury was charged on strict liability, and the jury was charged on negligence. Was the jury charged on what they could award for strict liability as opposed to negligence? No, sir. You had your two liability questions that merged into a damage question, which under our briefing is appropriate under the unified damage model analysis, which is in our briefing. All right. Thank you very much. Yes, sir. Okay, Mr. Steadman. Mr. Meyer took up some of my issues, but let me just reiterate a little bit. This is an unusual animal. The loss of lateral support is a strict liability standard, and it requires an activity on land. So with respect to the Judge Rosenthal's findings, there's not a lot of support in Texas or other states related to what she can and can't find. So she determined that this lack of notice and this lack of study constituted an activity on land. She doesn't cite any case law or authority to support that. So our position is as a matter of law and fact and just common sense, that can't be an activity on land because those two things in and of themselves can exist, won't lead to loss of lateral support. There's a scientific and a physical presence that's required to create this loss of lateral support for the neighboring property. Part of that analysis is she went into the damage questions, and under B.A. Mortgage, our position is, as Mr. Meyer stated, that there is an exception to the Simon v. Nance. Simon v. Nance didn't even address structures on land. All it dealt with was damage to the real property itself. The Home Depot cites Salazar as authority for the position of you can't get damages for these structures. However, Salazar doesn't say that. Salazar merely repeated what Simon v. Nance said and then punted on the issue of structures because at the trial level they didn't present any evidence related to damage to structures. Additionally, Salazar occurred seven years after the trial of this case, so it's not precedence on the state court judge. In addition, there was no mention of B.A. Mortgage and whether or not it was overruled in that case. So B.A. Mortgage is still good law. Our position is that the court should give full faith and credit to the state court's judgment. It wasn't appealed. There's no issue related to the damages. So as a matter of law, the judge has discretion to present this unified damage model, and again, it wasn't appealed. Backing up to the Ethel issue, West Hills is not seeking indemnity for its own conduct. Remember, it's loss of lateral support. Look behind the judgment. Who caused that loss? Home Depot has admitted, and the court found in the record at 1349, 1486, and 1725 that it performed the excavation on West Hills property. This excavation led to the loss of lateral support. That is the only activity that was on West Hills land that led to the loss of lateral support. There wasn't any other activity. There was a mention of some of the cutting of the trees, but as a matter of fact, Judge Rosenthal found that that wasn't even relevant, wasn't contributory, wasn't a producing cause. So our position is West Hills is the innocent party here, and because it's the innocent party, it's seeking indemnity from Home Depot. Yes, the magic language is not in the indemnity agreement, but it's not required when I'm seeking indemnity for somebody else's conduct. That's only required if West Hill is seeking indemnity for its own conduct, which is the loss of lateral support. And again, there has to be an activity on their land, and because we're the landowner, we're strictly liable. It doesn't matter the mens rea of it. We're strictly liable because it occurred on our land, and Home Depot admits they did the action. Thank you, Judge. Thank you, sir. Okay, Mr. Pate. Mayor, please report. My name is Stephen Pate. I represent Home Depot. The judgment of Lee Rosenthal ought to be affirmed because she correctly found that a jury's finding of strict liability and negligence in Walker County, Texas bars West Hills Park from seeking indemnity under the contracted issue here. I have three issues that I'll discuss in my argument. You've already hit on all three of them. First of all, Judge Costa, I think you correctly stated that the express evidence to rule in Texas bars them from recovery without anything else. Second, even if they're . . . Was that argument raised with Judge Rosenthal because she got to the . . . she had this whole full-blown trial on the other two issues. Yes, and I've always maintained . . . In the preliminary summary judgment you filed. Yes, and I've always maintained. And if you look at the last page of her opinion, I believe she came around to agreeing with me that the express negligence rule actually does bar them for strict liability and their express negligence. But even if you don't agree with me on that, then we've got the issues that she did find of collateral estoppel, issue preclusion, and then even if you wouldn't agree with me on that, then we go into her findings of fact, where she found that West Hills Park did indeed commit negligence and were indeed strictly liable. So I've got . . . What kind of activity on land did she find at West Hills? Their omissions. The omissions. Yes, Your Honor. Failure to give notice of the activity. Failure to give notice and failure to conduct a study. And they are right in saying that there is no case law on that point. And I would say that they have no case law that supports their supposition that it has to be an affirmative act on land. And I would say in response to what they're saying, that I have no case law, that I have logic, reason, and Judge Lee Rosenthal. Because she found, in her opinion, that the omissions did constitute activity on land. And she cited that in her opinion. And I would give you the example of someone being held strictly liable for watching erosion on his land damage someone else's land and doing nothing to remedy that erosion and not giving notice to his neighbor. That's an omission that I believe constitutes an activity. That's an example that I would use. Now, going to my third issue is findings of fact. I would say that those findings of fact that she found bar recovery. As far as the express negligence rule, I would say that the express negligence rule under this contract, I don't think there's any . . . And they said, you're right. I don't need to belabor that point, and I won't. You're right. They admitted they don't have the magic language here. Under the Ethel case and under HL&P, strict liability and negligence are out. There's that old country song in Texas, Mississippi, Louisiana. That's all she wrote. I have the jury verdict finding strict liability and negligence on West Hills Park. I have the contract, and therefore, as you noted under Fisk, under Ethel, under HL&P, Home Depot wins. There is nothing unique about a lateral support case that changes that. Now, they even brought up the Barnes case. I don't know why. Barnes is clearly overruled by Ethel. But, the fact of the matter is that Judge Rosenthal went on and held a non-jury trial, and she did consider the issue of issue preclusion. And you know what? That's fine with me. Because even if I can't win, and I believe I should, on the simple matter of law issue of express negligence . . . That, as you correctly noted, was in my summary judgment motion, I still win for Home Depot on issue preclusion. They talked about alternative holdings and how it cannot be . . . And, they concede mutuality. Fine. And, they're arguing that it can't be essential to the judgment. Fine. They're wrong. And, Judge Rosenthal made a careful study of the Walker County trial transcript and concluded they were wrong. She looked at evidence such as who conducted the studies, the testimony regarding that, who gave notice, who was the developer. As you correctly noted, Judge Davis, there was discussion about negligence. And, there's evidence in that trial transcript that West Hills Park tried to push it off on Home Depot, who, of course, was not a party in that case. It was fully and fairly litigated. But, before that, as far as the alternative holding, you correctly noted that she found, under the case law, that there could not be a recovery for improvements without a finding of negligence. So, that it could not be simply a situation where you had alternative holdings. Both negligence and strict liability were essential to the holding. I mean, I had the question whether the jury knew that when it made its damage award. I mean, was that in that state court charge? Judge, I can't say that. I cannot say that. But, I believe that's absolutely immaterial here, too, because that's a card laid, a card played. As a matter of law, doesn't that have to be? But, you know what? Even if I, even if you think that it was an alternative holding, the, you go on under Schaubauer, and she considered Schaubauer and said, Look, reading this transcript, I believe the issues were fully and fairly litigated. They were rigorously considered. And, therefore, even if it was an alternative holdings, I believe it was fully and fairly litigated. And, here is the evidence. And, we cite it, I believe, on pages 18 to 19 of our brief, the evidence that she considered to say it was fully and fairly litigated. They talk about omissions and activities. I believe that the omission, the reason it probably isn't in the case law is nobody's ever really, ever really seriously contested that an omission was not an activity. But, she found that those omissions were activities, and that they upheld that jury verdict as being fully and fairly litigated. They can maintain in their brief that there was a issue of whose activity was involved as far as the strict liability finding was concerned. And, they brought that up in front of the trial court. And, Judge Rosenthal looked at them and said, You were the only guy in town, because there was no other defendant there. The jury charge involved West Hills Park. They were the only guy in town. It had to be involving West Hills Park. Certainly, the jury knew that. Now, as far as the BA mortgage case, as far as alternative holding, they cite that and say, they try to say that that is an exception. I now agree with them on what they just said about Simon v. Nance. It does not talk about improvements. It talks about lateral support. They talk about the BA mortgage case, which, by the way, is an intermediate court of appeals case. And, I believe Salazar does, in fact, say that negligence is necessary for finding improvements. But, they talk about the BA mortgage case. And, if you read that case, as I know you already have, it only talks about an exception for a measure of damages connected to land. It doesn't talk about an exception for improvements. The cases they cite, to buttress their argument, do not say anything about the exception that they want to argue. You have to have finding of improvements based upon negligence. They are what Judge Rosenthal says they are. Moving on from issue preclusion, she held a non-jury trial. She held her own fact-finding. She found that there were omissions that constituted activities on land. On the last page of her opinion, she talks about that. And, she talks about how she carefully examined the Walker County transcript. She talked about, and we talk about in our brief, on pages 28 and 29, about some of the evidence that was in that transcript. About the excavation that was on the line between West Hills Park and Boxcar's apartments. There was a large cavity there that West Hills Park gave no notice of. About Mr. Curtis, one of the owners of West Hills Park, who talked about being a developer, later denied in the trial before Judge Rosenthal. Who never disclaimed any responsibility to the Boxcar's people. There's discussions about notice and how notice by West Hills Park could have given Boxcar's heads up to put in monitors to prevent some of the damage. She looked at that evidence. She concluded they should have given notice. They should have conducted studies. And, those were omissions that constituted activity on their land. And, that was negligence on their part. Not Home Depot's on West Hills Park's part. Home Depot was not in that case at that time. Home Depot had settled out. At the end of the day, this is an attempt to overturn a jury verdict in Walker County, Texas that cannot be allowed. As a matter of law, Home Depot has to win here. As a matter of issue preclusion, Home Depot has to win here. Finally, because of her findings of fact, which even if you looked, if a court of appeals looked at the evidence differently, you should defer to her findings of fact. Under the clearly erroneous standard review and give her proper deference for her findings of fact. Under those findings of fact, Home Depot should win here. Affirm this judgment. Thank you. Okay, Mr. Meyer, back to you. May it please this Honorable Court. I'll jump around a little bit because there were a lot of issues, but I'll tell you where I'm going to start with. It's true that the magic language is not in this indemnity language at issue because it doesn't need to be. Ethel and HLMP essentially don't apply because the language of the indemnity agreement already says that you can only receive indemnity if you're seeking indemnity for the other party's conduct, which is what we are doing. What Mr. Pate has done is he's ignored a very large body of law on the indemnity law in the state of Texas. And that is in the Barnes case, which he wanted to know why we addressed that issue. The reason we addressed Barnes is because the Fifth Circuit didn't look in that case at just a judgment. It did a full analysis of the underlying record and then made a conclusion of whether or not the record indicated that the one party was seeking indemnity because of the other party's actions. I think they used the term derivative liability. It's our position, our strict liability finding against us in the underlying action was wholly derivative of Home Depot's conduct. We think that the judge should have looked at the whole record just like was done in Barnes, just like was done in Ethel, and just like Judge Rosenthal did. And then when you look at the record as a whole, what falls away, what is stripped away is the finding of strict liability against us based on omissions. Those are the only two findings of fact she made that constituted, in her opinion, respectfully, that it was omissions that constituted activity on land that led to loss of lateral support. She made no other finding of West Hill's conduct that is activity on land. And those two findings we've challenged and said those can't be activity on land. And if they can't be activity on land, what do we have left in this case? What we have left is Home Depot was 100% at fault in doing the excavation. They are wholly, our liability was wholly derivative of their activity. And you can argue issue preclusion, collateral estoppel, all of those are designed to prevent a party from taking a second bite of the apple, so to speak, but they have elements, and in order for them to apply, you're going to have to conclude this. You're going to have to conclude that the negligence judgment and the strict liability judgment relate to each other. If they don't relate, they would have to relate if you're going to use one to stop the indemnity obligation. But if the strict liability judgment stands on its own, irrespective of negligence by West Hill, then there is no essentiality requirement. There is no legal nexus. That is the core issue in this case is the fact that that negligence issue is essentially irrelevant because the strict liability stands completely on its own. And if we have no strict liability conduct, they have all the conduct, we're entitled to indemnity because we're not seeking indemnity for our own actions. Now, the Sharborough exception is an exception to the requirement under alternative holdings that the underlying case be appealed and affirmed. The Sharborough exception, just like collateral estoppel, have an element that you must either rigorously, not either, you must rigorously consider the case and the findings must be essential to each other. What fails in all respects is that the negligence finding is not essential to the strict liability finding, whether it is at the court of first instance or the court of the second instance. All right. Thank you very much. All right, gentlemen, thank you. And we have your case.